United States District Court
Southern District of Texas

**ENTERED**

March 27, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| FRANCISCO JAVIER RAMOS QUILSIMBA | § § § | |
| VS. | § § | CIVIL ACTION NO. 5:26-cv-199 |
| PAMELA BONDI *et al.* | § § | |

## ORDER

Before the Court is Petitioner Francisco Javier Ramos Quilsimba's Petition for Writ of Habeas Corpus (Dkt. No. 1). The Court seeks supplemental briefing.

### A.    Proper Respondent

"Core habeas petitions must be filed in the district of confinement and against the immediate custodian, typically 'the warden of the facility where the prisoner is being held.'" *Olalde v. Noem*, No. 25 C 11481, 2025 WL 2841999, at *1 (N.D. Ill. Oct. 7, 2025) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004)). Whether a matter is "core" depends on the nature of the relief sought, and a request for release lies at the heart of traditional habeas jurisdiction. *See, e.g., Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). Generally, "[a] district court only has jurisdiction over a § 2241 petition if it has jurisdiction over the immediate custodian." *Gutierrez v. Garland*, No. 1:20-CV-141, 2021 WL 2458349, at *2 (S.D. Tex. May 19, 2021) (citing *Padilla*, 542 U.S. at 442), *report and recommendation adopted*, No. 1:20-CV-00141, 2021 WL 2457843 (S.D. Tex. June 15, 2021).

Here, Petitioner requests that the Court order Petitioner's immediate release or, in the alternative, a bond hearing (Dkt. No. 1 at 22). As Petitioner's primary sought relief is release, Petitioner challenges his physical confinement. *See Doe v. Garland*, 109 F.4th 1188, 1193 (9th Cir. 2024); *Aguilar v. Johnson*, No. 3:25-CV-1904-K-BN, 2025 WL

1

2099201, at *1 (N.D. Tex. July 25, 2025). Yet Petitioner did not name the warden of his facility as a respondent in this action. A warden, as understood by federal regulations, is "the chief executive officer" of a federal prison or correctional institution. *United States v. Franco*, 973 F.3d 465, 468–69 (5th Cir. 2020) (citing 28 C.F.R. § 500.1(a)); *see also Warden* 3b, Merriam-Webster (11th ed. 2025) (defining warden as "an official in charge of a prison"). Because the Court's final order may require action by the warden, the Court seeks to ensure that its authority properly extends to him. *See Torres Medrano* v. *Noem*, No. 3:25-CV-3495-E-BN, 2025 WL 3706952, at *1 (N.D. Tex. Dec. 22, 2025) (quoting *Aguilar*, 2025 WL 2099201, at *1) ("[T]he immediate-custodian rule is alive and well.").

### B.    Detention Pursuant to 8 U.S.C. § 1231

In their response, Respondents sought dismissal or transfer of the petition, arguing that the District Court of Minnesota lacked jurisdiction as Petitioner had filed his petition after being transferred out of Minnesota (Dkt. No. 5 at 2–5). In the alternative, Respondents argued that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1231 (Dkt. No. 5 at 5–6). Respondents explain that Petitioner was ordered removed on February 3, 2026, and the order became final on the same date because Petitioner waived appeal (Dkt. No. 5 at 6).

Petitioner explains he "fully intends to withdraw his waiver and appeal the removal order" (Dkt. No. 7 at 7). Thus, he argues that the order for removal is not final and detention under § 1231 is improper. (Dkt. No. 7 at 7). Further, in his motion for order to show cause, Petitioner states that he "faces indefinite detention while appeal of his order for removal is *pending*, with no timeline for when Petitioner's appeal will be heard" (Dkt. No. 10 at 1) (emphasis added). While Respondents filed the Order of the

Immigration Judge, showing Petitioner was ordered removed to Ecuador and that Petitioner waived appeal, (Dkt. No. 6-1), Petitioner has not filed anything showing that he indeed withdrew his waiver and filed an appeal. Thus, the Court requires clarification as to the status of Petitioner's order of removal.

Accordingly, the parties are **ORDERED** to file supplemental briefing addressing the following: (1) the status of Petitioner's order of removal; (2) Respondents' grounds for detention; and (3) Petitioner's failure to name the warden.

Petitioner is **ORDERED** to file his supplemental briefing by **March 31, 2026**. Respondents are **ORDERED** to file their supplemental briefing by **April 3, 2026**. It is further **ORDERED** that if Petitioner elects to file a reply to Respondents' supplemental briefing, he may do so no later than **April 8, 2026**.

To ensure Respondents receive this Order, the Clerk of Court is **DIRECTED** to electronically serve this Order on the Southern District of Texas's Civil Chief Daniel Hu at USATXS.CivilNotice@usdoj.gov.

It is so **ORDERED**.

**SIGNED** March 27, 2026

Marina Garcia Marmolejo
United States District Judge

3